# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

CURTIS SCHLEIGER,

            Petitioner,      :      Case No. 3:15-cv-249

   - vs -                               District Judge Thomas M. Rose
                                        Magistrate Judge Michael R. Merz

ED SHELDON, Warden,
  Allen/Oakwood Correctional Institution,

                                          :

            Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case under 28 U.S.C. § 2254 is before the Court for decision on the merits.

Upon review of the Petition (ECF No. 1), the Court ordered the Warden to answer (ECF No. 2). In due course the Warden filed the state court record ("Record," ECF No. 6) and a Return of Writ (ECF No. 7). Mr. Schleiger, who is represented by Assistant Ohio Public Defender Stephen Hardwick, then filed his Traverse (ECF No. 9), making the case ripe for decision. The reference was transferred to the undersigned to help balance the Magistrate Judge workload in the Western Division (ECF No. 10).

Mr. Schleiger pleaded the following grounds for relief:

> **Ground One:** Mr. Schleiger's rights to counsel, due process, and equal protection, as guaranteed by the Fifth, Sixth and Fourteenth Amendments to the United States Constitution, were violated when he was resentenced without counsel and without a valid waiver of counsel.

1

>**Supporting Facts:** Petitioner Curtis Schleiger was resentenced because the trial court had not properly imposed post release control. He was denied counsel without a valid waiver of counsel pursuant to *Faretta v. California*, 422 U.S. 706, 95 S. Ct. 2525. 45 L. Ed. 2d 562 (1975).
>
>**Ground Two:** Mr. Schleiger's rights to appellate counsel, due process, and equal protection, as guaranteed by the Fifth, Sixth and Fourteenth Amendments to the United States Constitution, were violated when the state court of appeals permitted his appointed counsel to withdraw and failed to appoint new counsel even though his appeal contained at least one non-frivolous issue.
>
>**Supporting Facts:** Petitioner Curtis Schleiger was convicted by a jury of felonious assault and carrying a concealed weapon. He was sentenced to nine years and six months in prison. His appointed appellate counsel filed a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493. Mr. Schleiger filed a pro se brief raising other issues. The court of appeals found a non-frivolous issue, an error in the imposition of postrelease control. But instead of appointing new counsel for a full review of the record, the court of appeals summarily reversed the trial court's decision and remanded for resentencing.

(Petition, ECF No. 1, PageID 3-4.)

**Procedural History**

Curtis Schleiger was indicted in May 2009 on assault and weapons charges arising out of a bar fight on April 22, 2009, in which Schleiger stabbed Mathew Dillman. A jury found him guilty of felonious assault and carrying a concealed weapon. The trial judge sentenced him to eight years on the assault charge and a consecutive eighteen months on the weapons charge.

His appointed counsel on appeal filed an *Anders* brief. Schleiger himself filed a pro se brief which raised no claim relating to post-release control. On its own review of the record, the

2

Twelfth District Court of Appeals found no error prejudicial to Schleiger's rights except that the trial court had imposed a five-year term of post-release control when the mandatory term was three years. It also found the trial judge had failed to explain the consequences of violating post-release control. *State v. Schleiger*, 2010-Ohio-4080, 2010 Ohio App. LEXIS 3454 (12th Dist. Aug. 30, 2010). The court reversed and remanded with instructions to correct the imposition of post-release control. Habeas counsel then entered the case and appealed to the Ohio Supreme Court, which declined to accept jurisdiction.

On November 24, 2010, Schleiger moved to reopen his direct appeal pursuant to Ohio R. App. P. 26(B) on a claim of ineffective assistance of appellate counsel. The Twelfth District declined relief because it found the Application complained of the remedy provided for the trial court's error, rather than asserting ineffective assistance of appellate counsel arising from the filing of an *Anders* brief. The Ohio Supreme Court again declined jurisdiction. Schleiger petitioned the United States Supreme Court to grant certiorari, but the writ was denied.

The trial court recovered jurisdiction with denial of the 26(B) application. It proceeded on October 20, 2011, to correct the imposition of post-release control to three years with an advice of consequences of violating. Schleiger again appealed. Over his objection, the Twelfth District limited the scope of the appeal to the resentencing and held he did not have a right to counsel at the resentencing hearing because the proceeding was "purely ministerial and a defendant does not face a substantial risk of prejudice without counsel." *State v. Schleiger*, 2013-Ohio-1110, *P16, 987 N.E. 2d 754, 758 (12th Dist. 2013).

On Schleiger's motion, the Twelfth District recognized a conflict between its decision and that of another Ohio court of appeals and certified the conflict to the Ohio Supreme Court.

3

That court also accepted Schleiger's delayed appeal on the question whether there was a right to counsel at a hearing to reimpose post-release control. The Ohio Supreme Court held there was a right to counsel at such a hearing, but that Schleiger had validly waived that right. *State v. Schleiger*, 141 Ohio St. 3d 67 (2014). Schleiger again sought review by certiorari in the United States Supreme Court, but that court declined to hear the case. Mr. Schleiger then filed his instant Petition in this Court.

# Analysis

In his Traverse, Mr. Schleiger has withdrawn his First Ground for Relief (ECF No. 9, PageID 1422).

**Ground Two: Denial of Right to Appellate Counsel**

In his Second Ground for Relief, Mr. Schleiger claims his constitutional rights were violated when the Twelfth District allowed his appointed counsel to withdraw and failed to appoint new counsel after finding his appeal contained "at least one nonfrivolous issue."

The Warden does not assert any procedural defense to this claim, inferentially conceding it is preserved for merit review in habeas corpus. When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable

application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 785 (2011); *Brown v. Payton*, 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor*, 529 U.S. 362, 379 (2000).

The text of the relevant portion of the Twelfth District's decision is as follows:

> **[\*P2]** Counsel for defendant-appellant, Curtis D. Schleiger, has filed a brief with this court pursuant to *Anders v. California* (1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L. Ed. 2d 493, which (1) indicates that a careful review of the record from the proceedings below fails to disclose any errors by the trial court prejudicial to the rights of appellant upon which an assignment of error may be predicated; (2) lists three potential errors "that might arguably support the appeal," *Anders* at 744, 87 S.Ct. at 1400; (3) requests that this court review the record independently to determine whether the proceedings are free from prejudicial error and without infringement of appellant's constitutional rights; (4) requests permission to withdraw as counsel for appellant on the basis that the appeal is wholly frivolous; and (5) certifies that a copy of both the brief and motion to withdraw have been served upon appellant.
>
> **[\*P3]** Appellant has filed a pro se brief raising assignments of error pertaining to dismissal of the indictment, denial of a continuance, failure to find a lesser included offense, ineffective assistance of counsel, prejudicial use of a prior offense, intoxication of the victim and new witnesses and statements regarding the incident. We have accordingly examined the record and find no error prejudicial to appellant's rights in the proceedings in the trial court except as set forth below.
>
> **[\*P4]** Appellant was sentenced on September 17, 2009 for one count of felonious assault, a second-degree felony. As such, appellant was subject to a mandatory three-year period of postrelease control. See R.C. 2967.28. At the sentencing hearing, the trial court informed appellant that "there will be a mandatory period of postrelease control after his release from the penitentiary of five years." The sentencing entry states that appellant is subject to mandatory postrelease control, "up to a maximum of five years." However, a second degree felony requires a mandatory term of three years postrelease control. R.C. 2967.28. Moreover, the court stated at the hearing that there were consequences for violating

5

> postrelease control, but did not explain those consequences to appellant. See R.C. 2929.19(B)(3)(e).
>
> **[\*P5]** Accordingly, postrelease control was not properly imposed in this case. The Ohio Supreme Court has held that in cases where a defendant is sentenced after July 11, 2006, R.C. 2929.191 provides a mechanism for a trial court to correct the improper imposition of postrelease control. *State v. Singleton*, 124 Ohio St.3d 173, 2009 Ohio 6434, 920 N.E.2d 958.
>
> **[\*P6]** Therefore, it is the order of this court that the motion of counsel for appellant requesting to withdraw as counsel is granted. This cause is reversed and the matter remanded with instructions to the trial court to correct the improper imposition of postrelease control pursuant to the procedures outlined in R.C. 2929.191.

*State v. Schleiger*, 2010-Ohio-4080 (12th Dist. Aug. 30, 2010).

Schleiger contends that the decision of the Twelfth District is contrary to or an objectively unreasonable application of *Penson v. Ohio*, 488 U.S. 75 (1988).

In the Return of Writ, the Attorney General lays out correctly the basic law regarding indigent appeals. There is no federal constitutional right to appeal a criminal judgment. *McKane v. Durston*, 153 U.S. 684 (1894), cited as still good law in *Lopez v. Wilson*, 426 F.3d 339, 355 (6th Cir. 2005); *Halbert v. Michigan*, 545 U.S. 605 (2005). "Due process does not require a State to provide appellate process at all." *Goeke v. Branch*, 514 U.S. 115, 120 (1995). Of course when it does provide a right to appeal, the State cannot discriminate against the poor by failing to provide the necessary transcript. *Griffin v. Illinois*, 351 U.S. 12 (1956). Counsel must be appointed on appeal of right for indigent criminal defendants. *Douglas v. California*, 372 U.S. 353 (1963).

When counsel is appointed for appeal but concludes there are no nonfrivolous issues for appeal, he or she may file a so-called *Anders* brief, following the process described in *Anders v. California*, 386 U.S. 738 (1967). Although the *Anders* process is not constitutionally mandated,

6

(*Smith v. Robbins*, 528 U.S. 259 (2000)(approving California alternative)), Schleiger asserts and the Warden agrees that Ohio courts have adopted the *Anders* process.

In this case the Twelfth District followed that process. It concluded that neither appointed appellate counsel nor Mr. Schleiger in his pro se brief had raised any non-frivolous issue. It *sua sponte* found an error on its own review, to wit, improper imposition of post-release control as noted above. It allowed appointed counsel Roger Hurley to withdraw and reversed the judgment and remanded "to correct the imposition of postrelease control pursuant to the procedures outlined in R.C. [Ohio Revised Code §] 2929.191." It is at this point that Schleiger argues the Twelfth District acted contrary to *Penson* by not appointing a new appellate attorney.

*Penson* arose out of the Second Ohio Appellate District as opposed to the Twelfth, its neighbor to the west and south. Penson was convicted of felonious assault in the Montgomery County Court of Common Pleas. He was appointed new counsel for appeal, but that attorney certified to the Second District that he could find no reversible error. Justice Stevens' majority opinion describes what happened next:

> **[*79]** In due course, and without the assistance of any advocacy for petitioner, the Court of Appeals made its own examination of the record to determine whether petitioner received "a fair trial and whether any grave or prejudicial errors occurred therein." *Id.*, at 40. As an initial matter, the court noted that counsel's certification that the appeal was meritless was "highly questionable." *Ibid.* In reviewing the record and the briefs filed by counsel on behalf of petitioner's codefendants, the court found "several arguable claims." *Id.*, at 41. Indeed, the court concluded that plain error had been committed in the jury instructions concerning one count. [FN1 Petitioner was charged in counts 5 and 6 of the indictment with felonious assault. App. 6-7; see Ohio Rev. Code Ann. § 2903.11(A)(2) (1987). In examining the record, the Court of Appeals discovered that the trial court neglected to instruct the jury concerning an element of this crime. Applying the State's plain-error doctrine, which requires a showing of substantial prejudice, the Court of Appeals reversed petitioner's conviction under count 6 of the indictment, but let stand his conviction under count 5. App.

7

41-43.] The court therefore reversed petitioner's conviction and sentence on that count but affirmed the convictions and sentences on the remaining counts. It concluded that petitioner "suffered no prejudice" as a result of "counsel's failure to give a more conscientious examination of the record" because the court had thoroughly examined the record and had received the benefit of arguments advanced by counsel for petitioner's two codefendants. *Ibid.* Petitioner appealed the judgment of the Court of Appeals to the Ohio Supreme Court, which dismissed the appeal. *Id.*, at 45. We granted certiorari, 484 U.S. 1059 (1988), and now reverse.

1

488 U.S. at 79. The Supreme Court found that the Second District had not complied with *Anders*, particularly in "fail[ing] to appoint new counsel after finding the record supported several arguably meritorious grounds for reversal of petitioner's conviction and modification of his sentence." *Id.* at 81.

In *Penson* the Second District had also found the petitioner suffered no prejudice from the failure to appoint new counsel. The Supreme Court disagreed:

> The State nonetheless maintains that even if the Court of Appeals erred in granting the motion to withdraw and in failing to appoint new counsel, the court's conclusion that petitioner suffered "no prejudice" indicates both that petitioner has failed to show prejudice under *Strickland* v. *Washington*, 466 U.S. 668 (1984), and also that any error was harmless under *Chapman* v. *California*, 386 U.S. 18 (1967). In either event, in the State's view, the Court of Appeals' affirmance of petitioner's conviction should stand. We disagree.
>
> The primary difficulty with the State's argument is that it proves too much. No one disputes that the Ohio Court of Appeals concluded that the record below supported a number of arguable claims. Thus, in finding that petitioner suffered no prejudice, the court was simply asserting that, based on its review of the case, it was ultimately unconvinced that petitioner's conviction -- with the exception of one count -- should be reversed. Finding harmless error or a lack of *Strickland* prejudice in cases such as this, however, would leave indigent criminal appellants without any of the protections afforded by *Anders*. Under the State's theory, if on reviewing the bare appellate record a court would ultimately

8

> conclude that the conviction should not be reversed, then the indigent criminal appellant suffers no prejudice by being denied his right to counsel. Similarly, however, if on reviewing the record the court would find a basis for reversal, then the criminal defendant also suffers no prejudice. In either event, the criminal appellant is not harmed and thus has no basis for complaint. Thus, adopting the State's view would render meaningless the protections afforded by *Douglas* and *Anders*.

*Penson* at 85-86.

The Warden distinguishes this case from *Penson* by pointing out, correctly, that (1) the appellate attorney in *Penson* had not filed a proper *Anders* brief, (2) the motion to withdraw had been granted before the appellate court conducted its own independent review of the record, and (3) the Second District had found "several arguable claims" in *Penson*. In this case, the *Anders* brief complied with *Anders*, the motion to withdraw was not granted until after the independent review, and the Twelfth District found no arguable issues, although it *sua sponte* found plain error with respect to the imposition of post-release control.

The distinctions are not persuasive because the command in *Penson* is unequivocal. The State essentially argues that a new attorney would have had no advocatory role to play because the Twelfth District had already granted all the possible relief which an attorney could have obtained. To the contrary, Petitioner's counsel recites a number of nonfrivolous arguments which a new attorney could have made about the remedy for improper imposition of post-release control (Traverse, ECF No. 9, PageID 1424-26).[1]  Given the much-controverted state of the law in Ohio concerning remedies for improper imposition of post-release control, it is inappropriate for this Court to speculate how the Twelfth District would have evaluated those arguments. But under *Penson* Mr. Schleiger is entitled to have the assistance of an attorney in making those arguments.

---

[1] The Court notes that the State has not made a harmless error argument here.

**Conclusion**

The failure of the Twelfth District to appoint new counsel for Mr. Schleiger once it found plain error was contrary to the decision in *Penson*. Because Mr. Schleiger was deprived of his right to appellate counsel, it is respectfully recommended that the Court issue a writ of habeas corpus commanding Mr. Schleiger's release unless his appeal is reopened and he is appointed counsel to argue the appeal within ninety days of the date the judgment in this case becomes final.

July 20, 2017.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).